UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TERRY TYRONE PULLEN, JR.,<br>    Plaintiff, | Case No. 1:14-cv-223 |
| vs | Barrett, J.<br>Bowman, M.J. |
| C.O. MAINNER, et al.,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, an inmate currently incarcerated at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Warden Morgan, Deputy Warden Cool, Unit Manager Nolan, Institutional Inspector Malhman, Captain Bell, and Officers Mainner, Wiget, Butterbaugh, Barney, Distel, Dillow, and John Doe.  (Doc. 1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v.*

*Williams,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

In the complaint plaintiff alleges that he has been attacked by inmates on several occasions while at SOCF. According to plaintiff, the SOCF correctional officers named in the

complaint are orchestrating the attacks in retaliation for false claims raised by a correctional officer at the Correctional Reception Center, where plaintiff was previously housed. (Doc. 1, Complaint p. 10.) On December 1, 2013, plaintiff alleges that he was attacked by inmate Bell. (*Id.* at 5.) Plaintiff further alleges that defendant Mainner was only ten cells away during the attack and that, despite plaintiff's plea for help, Mainner refused to acknowledge or assist plaintiff in connection with the attack. (*Id.*) Inmate Bell stated to plaintiff that Mainner "gave [him] the green light to do whatever [he] wanted to do to [plaintiff]." During the attack plaintiff alleges that he was punched, choked and had urine thrown on him. (*Id.* at 5-6.)

Plaintiff also alleges that on September 2, 2013 inmate Showes sprayed him in the face with human feces, urine and semen from a shampoo bottle. (*Id.* at 7.) Plaintiff alleges that Officer Distel stood back from the incident in order to block the cameras from recording the attack. (*Id.*) On September 8, 2013, plaintiff alleges that he was sprayed in the face a second time by inmate Showes. (*Id.*) Plaintiff further alleges that after the attacked Showes walked up and down the range boasting that the correctional officers "will let him do anything to me on the range because they told him I was at "WC' S.O.C.F. for trying to rape a female C/O at CRC." According to plaintiff, Officer Butterbaugh stated to Showes, "you got that fucker good!" after the incident. (*Id.*)

Plaintiff alleges that the named defendants generally denied his requests for medical treatment, grievances, and investigations following the attacks. On one occasion, plaintiff alleges that Officer Wiget told him to "shut the fuck up you rap[ist] bitch," in response to his request to see the nurse and get a shower. (*Id.*) The complaint also includes allegations that Officer Barney told him he could "no longer go to rec. until they find a blind spot to end [his]life in." (*Id.* at 9.)

3

According to the complaint, once Captain Distel[1] determined that inmate Showes was the inmate who sprayed him, plaintiff was rushed to Ohio State University hospital because Showes is infected with Hepatitis C. (*Id.* at 10.)

For relief plaintiff seeks compensatory damages, as well as a preliminary injunction and a temporary restraining order.

Liberally construed, plaintiff's complaint states an Eighth Amendment claim against Officers Mainner, Distel, and Butterbaugh for their failure to protect. At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that this claim is deserving of further development and may proceed at this juncture. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

However, plaintiff's claims against the remaining defendants should be dismissed. First, plaintiff's claims against Warden Morgan and Deputy Warden Cool should be dismissed because his claims rest on a theory of *respondeat superior*, which does not apply to § 1983 claims and may not serve as a basis for liability. *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The mere fact that defendants hold supervisory positions in SOCF is not enough to impose liability on them under section 1983. Therefore, plaintiff's claims against these defendants should be dismissed.

Second, plaintiff's claims against defendants Captain Bell, Inspector Malhman, Unit

---

[1] Captain Distel is the father of named defendant Correctional Officer Distel and is not named as a defendant.

Manager Nolan, Major Warren,[2] Officer Dillow, and Officer Wiget should also be dismissed. Plaintiff's only allegation regarding these defendants is that they failed to investigate the incidents or respond to his grievances. (Doc 1, Complaint p. 6, 7.) As to defendants failure to investigate, plaintiff has failed to state a claim because "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v. Lisath*, No. 2:10-cv-968, 2011 WL 2710786, at *2 (S.D. Ohio July 13, 2011). Furthermore, to the extent that plaintiff is claiming that the grievance procedure failed to produce the correct outcome, this cannot give rise to a § 1983 claim because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug.03, 1998) (citations omitted).

Finally, plaintiff's claims against defendants John Doe and Officer Barney should also be dismissed. The complaint includes no allegation of any unidentified defendant potentially responsible for violating plaintiff's constitutional rights. Plaintiff has likewise failed to allege any facts to suggest that Officer Barney violated his constitutional rights. Accordingly, plaintiff has failed to state a claim against defendants John Doe and Officer Barney.

Accordingly, in sum, plaintiff's failure to protect claim may proceed against defendant Correctional Officers Mainner, Distel, and Butterbaugh. Having found that plaintiff has failed to state a claim against the remaining defendants, the complaint should be dismissed as to defendants Morgan, Cool, Nolan, Bell, Malhman, Warren, Wiget, Dillow, Barney, and John Doe.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's claims against defendants Morgan, Cool, Nolan, Bell, Malhman, Warren,

---

[2] Major Warren is not listed as a defendant in the complaint but plaintiff references actions taken by Major Warren. To the extent plaintiff intended to name Major Warren he should be dismissed.

Wiget, Dillow, Barney, and John Doe be **DISMISSED**.

## IT IS THEREFORE ORDERED THAT:

The United States Marshal shall serve a copy of the complaint (Doc.1), summons, and this order upon defendants Officers Mainner, Distel, and Butterbaugh as directed by plaintiff.  All costs of service shall be advanced by the United States.

Defendants are **ORDERED** to file a response to plaintiff's request for a preliminary injunction and/or temporary restraining order within **twenty (20) days** of service thereof.  Upon receipt of defendant's response, the Court shall determine whether plaintiff is entitled to preliminary injunctive relief.  **THE CLERK OF COURT IS DIRECTED** to serve, by certified mail, a courtesy copy of plaintiff's complaint and this Order on the Office of the Ohio Attorney General.

Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the clerk of court a certificate stating the date a true and correct copy of any document was mailed to defendant or counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the court.

Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

     *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRY TYRONE PULLEN, JR.,　　　　　　　Case No. 1:14-cv-223
　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　Barrett, J.
　　vs　　　　　　　　　　　　　　　　　Bowman, M.J.

C.O. MAINNER, et al.,
　　　Defendants.

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).