UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRY TYRONE PULLEN                                  Case No. 1:14-cv-223

      Plaintiff,                                              Barrett, J.
                                                     Bowman, M.J.
  v.

C.O. MAYNARD, et al,

      Defendants.

**REPORT AND RECOMMENDATION**

This civil rights action is now before the Court on Plaintiff's pro se motions to amend the complaint. (Docs. 52, 59, 67, 71). Upon careful review, the undersigned finds that Plaintiff's motions are not well-taken.

"Under Rule 15(a)(1), a party may amend the complaint once as a matter of course before being served with a responsive pleading." *Broyles v. Correctional Medical Serv., Inc. .,* 2009 WL 3154241 (6th Cir.2009); *see Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417, 421 (6th Cir.2000). The Sixth Circuit has described this Rule as giving plaintiffs an "absolute right to amend." *Pertuso,* 233 F.3d at 421.

However, where a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Although the "court should freely give leave when justice so requires," Fed.R.Civ.P. 15(a)(2), provides that leave to amend may be denied for: (1) undue delay, (2) lack of notice to the opposing party, (3) bad faith, (4) repeated failure to cure in prior amendments, (5) prejudice to the opposing party, or (6) futility of the amendments. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962);

*Perkins v. American Elec. Power Fuel Supply, Inc.,* 246 F.3d 593, 605 (6th Cir.2001). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.,* 408 F.3d 803, 817 (6th Cir.2005). To survive a motion to dismiss, a Complaint must contain sufficient factual allegations to state a claim that is plausible. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Here, Plaintiff's proposed amendments are futile because they fail to state a claim upon which relief may be granted by this Court.

Plaintiff seeks to amend his complaint to add defendants as well as supplement and/or add new claims. Notably, Plaintiff proposed amendment allege, *inter alia*, asserts that another inmate sprayed him in the face with bodily fluids from a "Suave Shampoo bottle ordered by Commissary Manager Ms. Wagner, passed out to 4/B inmate by Housekeeping Sergeant Mills, approved by Head of Security Major Warren for items to be order[ed] from vendors [Union Supply Group, Keefe Group, Food Express U.S.A.], Unit Manager Administ[ra]tor Cynthia Davis, Unit Manager Nolan and Deputy Warden William Cool [oversee] of the operation of K2 South program block … Approved by Warden Donald Morgan and sign off on as approved by Gary C. Mohr." [sic]. (Doc. 67, ¶ 4.) Plaintiff claims that shampoo bottles should not be sold to inmates when staff members know they could be used improperly. (Doc. 67, ¶¶ 3-4.).

Plaintiff further asserts that in June and July 2014 he was denied his Ramadan meals and his personal belongs were taken by SOCF employees. (Doc. 71). Plaintiff

also asserts that he was spit on and assaulted by other inmates, and was refused transfer to protective custody.

In light of these allegations, Plaintiff seeks to add SOCF, ODRC and Director Gary C. Mohr, Major David Warren, Warden Donald Morgan, Deputy Warden William Cool, Commissary Manager Wagner, Sergeant Mills, Inspector Roger Wilson, Chief Inspector Mona Parks, Unit Manager Nolan, Case Manager Parker, Lieutenant Smith, Sergeant Dillow, Sergeant John Doe, C/O Cooper, C/O Frye, C/O Tablor, C/O Rodgers, C/O John Doe, C/O Grooms, C/O Clere, C.O Osbourne, C.O Swaney, C/O Riddick, Union Supply Group, Keefe Group, Food Express U.S.A. and Cynthia Davis, Unit Administrator, as defendants in this action. (Docs. 59, 67). Plaintiff's proposed amendments however, are futile, and would not survive a motion to dismiss.

With respect to Plaintiff's requests to add additional defendants, Plaintiff's claims are primarily against private parties, against whom § 1983 actions do not apply, and supervisors. As already explained by the undersigned, *respondeat superior* liability does not apply to § 1983 claims. *Hill v. Marshall*, 962 F.2d 1209, 1213 (6th Cir. 1992). Moreover, as employees of the State of Ohio, many of the proposed additional defendants are immune from state law tort claims until the Ohio Court of Claims determines that their alleged actions were performed outside the scope of their employment or in bad faith. Additionally, as noted by Defendants, to the extent Plaintiff is asserting a negligence claim, state employees are immune from state law claims until the Ohio Court of Claims determines otherwise.

Plaintiff's proposed additional and/or supplemental claims are also not well-taken. With respect to Plaintiff's allegations relating to the shampoo incident, Plaintiff's

3

constitutional rights are not violated by the manufacture, sale, and distribution of shampoo bottles, even if other inmates have nefariously repurposed those bottles. Plaintiff's remaining proposed supplemental claims consist of conclusory naked assertions that lack factual development.  See *Twombly*, 550 U.S. at 557.

In sum, the undersigned finds that Plaintiff's proposed amendments would not survive a motion to dismiss because the factual allegations do not state any plausible claim for relief.  It is therefore **RECOMMENDED** that Plaintiff's motions for leave to amend (Docs. 52, 59, 67, 71) be **DENIED.** [1]

                                                *s/Stephanie K. Bowman*
                                                Stephanie K. Bowman
                                                United States Magistrate Judge

---

[1] This recommendation does not prevent Plaintiff from filing a new action for claims that are not tangential to this action.  See *CareToLive v. von Eschenbach*, 525 F. Supp. 2d 952, 971 (S.D. Ohio 2007)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRY TYRONE PULLEN

    Plaintiff,

  v.

C.O. MAYNARD, et al,

    Defendants.

Case No. 1:14-cv-223

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).