UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Terry Tyrone Pullen, Jr.,

    Plaintiff,                                                                             Case No. 1:14cv223

    v.                                                                                 Judge Michael R. Barrett

C.O. Mainner, *et al.*,

    Defendants.

## ORDER

    This matter is before the Court upon the Magistrate Judge's June 8, 2015 Report & Recommendations ("R&R") recommending that Plaintiff's Motions for Leave to Amend (Docs. 52, 59, 67, 71) be denied.

    The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Plaintiff filed Objections to the R&Rs. (Doc. 84). For the reasons stated below, the Court OVERRULES Plaintiff's Objections, and the Magistrate Judge's R&R is ADOPTED in its entirety.

    In her R&R, the Magistrate Judge concluded that Plaintiff's proposed amendments—which would add defendants as well as supplement Plaintiff's claims or add new claims—would be futile because they fail to state a claim upon which relief may be granted.

    Plaintiff's objections focus on Plaintiff's claims based on the sale of shampoo bottles from the commissary and the passing out of shampoo bottles. According to

Plaintiff, the inmates in the unit where he is housed have used the shampoo bottles to project human bodily fluids. Plaintiff claims this has resulted in a violation of his Fourteenth Amendment right to due process and his Eighth Amendment right to be free from conditions posing substantial risk of serious harm.

The Due Process Clause of the Fourteenth Amendment provides in relevant part that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV. It is not clear from Plaintiff's objections or his motions for leave to file an amended or supplemental complaint which due process right Plaintiff is asserting. Moreover, it would appear that any claim Plaintiff may have would be properly brought as claim under the Eighth Amendment. *See Whitley v. Albers*, 475 U.S. 312, 327 (1986) (explaining that in the Eighth Amendment "serves as the primary source of substantive protection to convicted prisoners" and "the Due Process Clause affords respondent no greater protection than does the Cruel and Unusual Punishments Clause."); *see also Wells v. Jefferson Cnty. Sheriff Dep't*, 159 F. Supp. 2d 1002, 1008 (S.D. Ohio 2001) *aff'd*, 35 F. App'x 142 (6th Cir. 2002) (claim that jail staff failed to protect plaintiff from physical attacks is properly brought as Eight Amendment violation).

Under the Eighth Amendment, "[p]rison officials have an affirmative duty to protect inmates from violence perpetrated by other prisoners." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998). "Nevertheless, not all injuries suffered by an inmate at the hands of another prisoner result in constitutional liability for prison officials under the Eighth Amendment." *Id*. Moreover, the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a

prior showing of physical injury." 42 U.S.C. § 1997e(e). Under a similar set of facts, another district court has explained:

> Even assuming Plaintiff is claiming that being battered with spit and urine constitutes a physical injury, he cannot avoid the application of § 1997e(e). Although the requisite physical injury need not be serious, it must be more that *de minimis*. *Robinson v. Corr. Corp. of Am.*, 14 F. App'x. 382, 383 (6th Cir. 2001).

*Jennings v. Weberg*, No. 2:06CV235, 2007 WL 80875, at *3 (W.D. Mich. Jan. 8, 2007). Here, Plaintiff has alleged an injury caused by the bodily fluids projected from the shampoo bottles. However, this physical injury is *de minimis*, and cannot support a claim under the Eighth Amendment.

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's June 8, 2015 R&R. Accordingly, Plaintiff's Motions for Leave to Amend (Docs. 52, 59, 67, 71) are hereby **DENIED**.

**IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
JUDGE MICHAEL R. BARRETT

3