UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Terry Tyrone Pullen,

    Plaintiff,

    v.

C.O. Maynard, *et al.*,

    Defendants.

Case No.: 1:14-cv-223

Judge Michael R. Barrett

**OPINION & ORDER**

This matter is before the Court on the Magistrate Judge's May 16, 2016 Report and Recommendation ("R&R") that Defendants' Motion for Summary Judgment be granted; all other pending motions be denied as moot; and this matter be terminated on the active docket of the Court. (Doc. 113).

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Plaintiff filed Objections to the R&R. (Doc. 119). Defendants filed a Response to Plaintiff's Objections. (Doc. 121).

For the reasons stated below, Plaintiff's Objections are OVERRULED; and the Court ADOPTS the Magistrate Judge's May 16, 2016 R&R.

**I. BACKGROUND**

Plaintiff is an inmate currently incarcerated at the Southern Ohio Correctional Facility ("SOCF"). Plaintiff brings claims his claims *pro se* pursuant to 42 U.S.C. §1983 against three of the employees at SOCF based on allegations that he was attacked by

other inmates on three different occasions.  The Magistrate Judge has set forth the procedural and factual background in her R&R and the same will not be repeated here except to the extent necessary to address Plaintiff's objections.

## II. ANALYSIS

### A. Standard of Review

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Fed.R.Civ.P. 72(a).  When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Defendants Distel, Butterbaugh and Maynard filed a Motion for Summary Judgment.  Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The moving party has the burden of showing an absence of evidence to support the non-moving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

B. **Section 1983**

The Magistrate Judge concluded that Plaintiff has failed to establish claims for deliberate indifference under the Eighth Amendment.

"[T]o survive summary judgment in a § 1983 action, [the plaintiff] must demonstrate a genuine issue of material fact as to the following 'two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law.'" *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005) (quoting *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995)).

The Magistrate Judge also found that Defendants were entitled to qualified immunity. Qualified immunity is an affirmative defense to § 1983 claims. *Binay v. Bettendorf*, 601 F.3d 640, 647 (6th Cir. 2010). Qualified immunity shields "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

1. **Officer Distel**

Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff's affidavits and Robert Perdue's declaration are not sufficient to demonstrate a genuine issue of material fact. As the Magistrate Judge explained, "self-serving affidavits, alone, are not enough to create an issue of fact sufficient to survive summary judgment." *Wolfe v. Vill. of Brice*, 37 F.Supp.2d 1021, 1026 (S.D.Ohio 1999) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Moreover, the Magistrate

Judge explained that in his affidavit, Plaintiff states that he only had a "belief" that Officer Distel had prior knowledge that Inmate Showes would attack Plaintiff. In addition, as the Magistrate Judge explained, the declaration of Robert Perdue—a fellow inmate—does not establish that Officer Distel knew that Inmate Showes would attack Plaintiff. Perdue stated that when Showes attached Plaintiffk, Officer Distel was three cells away speaking to Perdue.

Plaintiff maintains that if he had been provided the DVR recording for September 2, 2013, he could establish deliberate indifference. However, as counsel for Defendants has explained, a DVR recording for that date does not exist. (Doc. 111, PAGEID # 905).

Therefore, the Magistrate Judge did not err in concluding that Defendants are entitled to summary judgment on Plaintiff's claim of deliberate indifference under the Eighth Amendment against Officer Distel.

### 2. Officer Butterbaugh

Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff has not established the Officer Butterbaugh was deliberately indifferent when he ignored Plaintiff after he told him that Inmate Showes assaulted him with human feces. As the Magistrate Judge explained, this second attack by Inmate Showes is recorded in a video which shows the entire incident. The Magistrate Judge also explained that Plaintiff's affidavit and the declaration of Perdue do not establish that Officer Butterbaugh knew Showes planned to attack Plaintiff or failed to prevent such an attack.

In his objections, Plaintiff points to a comment Plaintiff alleges Officer Butterbaugh made to Showes after the attack ("you got that fucker good"). However,

4

such a comment after the attack does not show that Officer Butterbaugh knew before the attack that it would occur or encouraged the attack.

Therefore, the Magistrate Judge did not err in concluding that Defendants are entitled to summary judgment on Plaintiff's claim of deliberate indifference under the Eighth Amendment against Officer Butterbaugh.

### 3. Officer Maynard

Plaintiff objects to the Magistrate Judge's conclusion that that Plaintiff has not established the Officer Maynard was deliberately indifferent when he failed to protect Plaintiff from the attack by Inmate Calvin Bell. Plaintiff claims Officer Maynard ignored his call for help. However, as the Magistrate Judge explained, Officer Maynard stated that he did not hear or see the attack. The Magistrate Judge also explained that Plaintiff stated that Officer Maynard was either between 14 to 15 or 10 to 12 cells away when Plaintiff called out for help.

In his objections, Plaintiff maintains that he would be able to establish deliberate indifference if he was provided the DVR recording of the incident. While a DVR recording for that date does not exist (Doc. 111, PAGEID # 905), Petitioner has submitted a conduct report detailing the incident based on the recording. (Doc. 119-1). The report does match Petitioner's account of the attack by Inmate Bell, but there is nothing in the report which mentions Officer Maynard.

Therefore, the Magistrate Judge did not err in concluding that Defendants are entitled to summary judgment on Plaintiff's claim of deliberate indifference under the Eighth Amendment against Officer Maynard.

### III. **CONCLUSION**

Based on the foregoing, that Magistrate Judge's May 16, 2016 R&R (Doc. 113) is **ADOPTED**.  Accordingly, it is hereby **ORDERED** that:

1. Plaintiff's Motion Ordering Defendants to Show Cause (Doc. 94) is DENIED as MOOT;

2. Defendants' Motion for Summary Judgment (Doc. 99) is GRANTED;

3. Plaintiff's Motions to Produce Documents (Doc. 106, 107, 108) are DENIED as MOOT;

4. Plaintiff's Motion Requesting to File an Amended Motion for an Order Compelling Discovery (Doc. 109) is DENIED as MOOT;

5. Plaintiff's Motion for Order to Show Cause (Doc. 110) is DENIED as MOOT; and

6. This matter is **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　 */s/ Michael R. Barrett*
　　　　　　　　　　　　　　　　　　　　JUDGE MICHAEL R. BARRETT